Filed 9/2/16  Humski v. Khem CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR


| | |
|---|---|
| BRANKO HUMSKI, | B264755 |
| Plaintiff and Appellant, | (Los Angeles County |
| v. | Super. Ct. No. NC059611) |
| BUNNEANG KHEM et al., | |
| Defendants and Respondents. | |


APPEAL from an order of the Superior Court of Los Angeles County, Michael P. Vicencia, Judge.  Affirmed.

Albert Lon Chaney III for Plaintiff and Appellant.

Bissell and Associates, Olivia O. Bissell; Smythe Law Group, Inc., and Michelle J. Smythe for Defendants and Respondents.

Branko Humski appeals from an order denying his petition to compel arbitration of this lawsuit that he filed against respondents Bunneang and Sophany Khem, individually and as trustees of respondent The Khem Family Trust (collectively, respondent). Appellant argues the court erred in concluding he waived his right to enforce the parties' contractual arbitration agreement. The argument is unpersuasive.

**FACTUAL AND PROCEDURAL BACKGROUND**

Respondent owns a commercial building in Long Beach. Appellant is a general contractor who entered into written agreements in January and February 2013 with respondent and one of respondent's tenants to perform repairs and reconstruction work after respondent's building sustained water-related damage. Those agreements (which we and the parties address as a single agreement) contain a provision specifically requiring that any dispute arising out of the contract be resolved through binding arbitration (arbitration clause). Eventually, a dispute arose as to the amount of money, if any, respondent owed appellant.

On July 21, 2014, appellant filed the complaint initiating this action. He alleged several causes of action, including one for breach of contract (attaching as exhibits the January and February 2013 agreements), and demanded a jury trial. Appellant's complaint made no mention of any contractual arbitration clause.

On September 18, 2014, the parties submitted a "Stipulation to Submit Action to Binding Arbitration." That stipulation stated that the parties expressly waived the right to a bench or jury trial and appeal, and that the arbitrator's award would "constitute a final determination of the matter as to all parties and all claims." However, the stipulation also stated that the parties had "reserve[d] their right to file motions for summary judgment," and that appellant had recorded a

2

mechanic's lien, the validity of which would be determined by the arbitrator, but enforcement of which was reserved for the trial court.[1] That stipulation was apparently rejected for clerical reasons on September 22 and, possibly, also on September 23, 2014. It was also rejected on the merits by the trial court, which we will address momentarily.

On September 24, 2014, respondent filed both an answer to the complaint and a cross-complaint alleging a claim for breach of contract, among others. Respondent did not raise the arbitration clause as an affirmative defense in its answer, nor did it mention the arbitration clause in the cross-complaint.

In a minute order issued on October 17, 2014, the trial court rejected the stipulation re arbitration. Though it rejected the initial stipulation, the trial court "invite[d] [the parties] to submit a new and different Stipulation and Order indicating the ultimate resolution of this case such as 'The parties agree that this case may be dismissed pursuant to CCP 664.6 whereby the Court retains jurisdiction to enter Judgment consistent with the Arbitration Award, upon motion of a party.'" Respondent was ordered to notify appellant that the court had rejected the stipulation, and did so on October 29, 2014.

From November 3 to November 21, 2014, respondent's counsel made several unsuccessful attempts to obtain an agreement from appellant's counsel as to modified language for a new joint stipulation re arbitration in order to satisfy the court's and the parties' concerns. According to respondent's counsel, appellant's attorney essentially ignored her communications. Eventually, respondent's

---

[1] It appears that, on September 11, 2014, respondent was prepared to file a petition to compel arbitration and a motion to stay action, pending action on its petition to compel arbitration. Those documents were either cancelled or not filed at all once the parties submitted their September 18, 2014 stipulation.

counsel invited appellant's counsel to draft the parties' revised stipulation himself using whatever language he deemed appropriate that the court would accept and that he believed would protect his client's rights. Appellant's counsel did not respond to or accept that invitation.

On December 8, 2014, in its case management statement, respondent indicated a continued willingness to participate in arbitration, and noted that the parties' contract required arbitration for which the matter remained ripe. Respondent also noted, however, that appellant's attorney had, to date, refused to revise the parties' stipulation and continued to "refuse[] to submit a new [stipulation] because he [was] concerned about the mechanic's lien issue in his complaint."

Appellant filed a case management statement on December 10, 2014. He stated he was willing to participate in mediation or a settlement conference. He did not acknowledge an obligation to participate in private arbitration (but did note that the parties' contract contained an arbitration clause). Appellant also stated that he planned, at some unspecified time, to file a "petition for arbitration and a motion to stay pending arbitration." Conversely, however, he also stated that he planned to conduct extensive discovery and to propound written discovery and inspection demands, and conduct an unspecified number of depositions in the pending litigation by June 30, 2015.

A case management conference was conducted on December 18, 2014. The appellate record does not contain a transcript or order from that conference. Based on other documents in the record, it is apparent that the trial court concluded the parties remained unable to agree on language for a revised stipulation re arbitration. As an alternative resolution method, the court noted it had time open on its calendar and proposed to conduct a bench trial in the matter; the parties

4

accepted the court's proposal.[2] The court scheduled a final status conference for June 12, and set trial to begin on June 22, 2015.

On December 23, 2014, respondent propounded form interrogatories, document requests, and requests for admission. On January 28, 2015, respondent propounded a set of special interrogatories.

On January 15, 2015, appellant answered the cross-complaint, and stated that, by answering the pleading, he did "**not waive, and . . . expressly reserve[d], the right to arbitrate this matter pursuant to the terms of the Contract.**" (Boldface in original.)

After requesting an extension, appellant responded to respondent's first three sets of discovery on February 17, and responded to the special interrogatories on March 3, 2015. Appellant's responses to each individual query was prefaced by an objection that respondent's discovery had been propounded inappropriately as the matter belonged in arbitration, and discovery could not commence until an arbitrator was appointed and established the parameters for discovery.[3]

---

[2] Appellant asserts this ruling was made over his objection. However, the only evidence that appellant objected to the court's proposal is that he argued that a June 2015 trial date was too early, not that he objected to having a trial at all. Appellant also noted that he still had plans to arbitrate. However, as the court observed, neither party filed a formal demand for arbitration in this action until mid-April 2015, 10 months into the litigation. We reiterate: all judgments and orders are presumed correct; it is appellant's burden to affirmatively demonstrate error. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 (*Denham*).) Appellant has not carried that burden.

[3] In February 2015, appellant sent a demand for arbitration of this action to ADR Services, Inc. (ADR). After being contacted, respondent notified ADR that its services were not needed as appellant had agreed to have the trial court try this matter rather than to have it arbitrated.

On March 26 and April 14, 2015, respondent filed "Ex Parte Application[s] for . . . Order[s] Providing for a Hearing Date for [Respondent's] Motion[s] to Compel Further Objectionless Responses" to its discovery. A hearing was set for May 5, 2015.

On April 14, 2015, appellant filed a petition to compel arbitration (Petition), and a motion to stay pending arbitration with the trial court. Appellant also opposed respondent's discovery motions, arguing they were barred by statute (Code Civ. Proc., §§ 1281.2, 1281.4), by virtue of the parties' agreement to submit any disputes to binding arbitration, pursuant to which respondent had relinquished the "judicial rights to discovery." Appellant argued that respondent had acted in bad faith by first demanding arbitration, then revoking its demand and refusing to sign a new stipulation required by the court.

Respondent opposed the Petition. Respondent asserted that appellant was being disingenuous and that his Petition was merely a thinly disguised, untimely and unmeritorious motion for reconsideration (Code Civ. Proc., § 1008) of the court's December 18, 2014 offer—which the parties had accepted—to resolve this matter at a trial in June 2015.

Respondent also noted it had not propounded discovery until after the parties agreed to a bench trial in lieu of arbitration, and that both its discovery and appellant's superseding agreement to resolve the matter by trial instead of an arbitration were entirely proper. Accordingly, appellant's belated Petition was merely an untimely and improper attempt—based on no new or different facts—to have the court reconsider its December 2014 ruling.

The court granted respondent's motion to compel and ordered appellant to provide objection-free responses to the discovery. The court also denied appellant's Petition. This timely appeal followed.

6

**DISCUSSION**

Appellant maintains the trial court erred when it denied his petition to compel arbitration on the ground that he engaged in conduct inconsistent with an intent to arbitrate this dispute.

I. *Controlling Law and the Standard of Review*

The right to arbitrate may be forfeited. A trial court may deny a motion to compel contractual arbitration if it finds the moving party has waived the right to arbitrate, even if that party did not intend to do so. (Code Civ. Proc., § 1281.2, subd. (a).)[4] But the "law . . . reflects a strong policy favoring arbitration agreements and requires close judicial scrutiny of waiver claims. [Citation.] Although a court may deny a petition to compel arbitration on the ground of waiver [citation], waivers are not to be lightly inferred and the party seeking to establish a waiver bears a heavy burden of proof. [Citations.]" (*St. Agnes Medical Center v. PacifiCare of California* (2003) 31 Cal.4th 1187, 1195 (*St. Agnes*); *Iskanian v. CLS Transportation Los Angeles, LLC* (2014) 59 Cal.4th 348, 375 (*Iskanian*).)

No single test delineates what conduct will constitute waiver of an arbitration right. (*St. Agnes, supra,* 31 Cal.4th at p. 1195.) Rather, California courts have found waiver of the right to demand arbitration—and trial courts' attendant justification to refuse to compel it—in contexts ranging from those in

---

[4]    Although the statutes and case law speak in terms of waiver, that term is used as shorthand "'for the conclusion that a contractual right to arbitration has been lost.'" [Citation.] . . . In this context, waiver is more like a forfeiture arising from the nonperformance of a required act. [Citations.]" (*Burton v. Cruise* (2010) 190 Cal.App.4th 939, 944 (*Burton*).)

7

which a party seeking to compel arbitration previously has taken steps inconsistent with an intent to invoke arbitration, has engaged in unreasonable delay before invoking arbitration, or in situations involving outright """"bad faith"""" or """"willful misconduct."""" (See *Engalla v. Permanente Medical Group, Inc.* (1997) 15 Cal.4th 951, 983.)

To assess whether a waiver has occurred, courts are guided by six factors, none of which is dispositive and some of which may not apply in a given case: """"(1) whether the party's actions are inconsistent with the right to arbitrate; (2) whether 'the litigation machinery has been substantially invoked' and the parties 'were well into preparation of a lawsuit' before the party notified the opposing party of an intent to arbitrate; (3) whether a party either requested arbitration enforcement close to the trial date or delayed for a long period before seeking a stay; (4) whether a defendant seeking arbitration filed a counterclaim without asking for a stay of the proceedings; (5) 'whether important intervening steps [e.g., taking advantage of judicial discovery procedures not available in arbitration] had taken place'; and (6) whether the delay 'affected, misled, or prejudiced' the opposing party."""" (*St. Agnes, supra,* 31 Cal.4th at p. 1196; accord, *Iskanian, supra,* 59 Cal.4th at p. 375; *Burton, supra,* 190 Cal.App.4th at pp. 944–945 [applying a four-factor test where two *St. Agnes* factors did not apply].)

Here, as in most cases, the question whether waiver occurred turns on disputed questions of fact. We are bound by the trial court's findings if those findings are supported by sufficient evidence. (*St. Agnes, supra*, 31 Cal.4th at p. 1196; *Augusta v. Keehn & Associates* (2011) 193 Cal.App.4th 331, 337 (*Augusta*).) We construe all reasonable inferences in the manner most favorable to the judgment, resolve ambiguities to favor the judgment and must affirm if substantial evidence, contradicted or not, supports the trial court's determination.

(*Lewis v. Fletcher Jones Motor Cars, Inc*. (2012) 205 Cal.App.4th 436, 443 (*Lewis*); *Burton, supra,* 190 Cal.App.4th at p. 944.)  "Only '"in cases where the record before the trial court establishes a lack of waiver as a matter of law, [may] the appellate court . . . reverse a finding of waiver made by the trial court."' [Citation.]"  (*Adolph v. Coastal Auto Sales, Inc.* (2010) 184 Cal.App.4th 1443, 1450 (*Adolph*).)  Further, because all judgments and orders are presumed correct, it is appellant's burden to affirmatively demonstrate error.  (*Denham, supra,* 2 Cal.3d at p. 564.)

II. *Substantial Evidence Support's the Trial Court's Finding that Appellant Waived the Right to Compel Contractual Arbitration*[5]

In denying appellant's Petition, the court considered the matter in light of the six factors above.  It concluded the applicable "factors . . . turn[ed] sharply in favor of waiver," and that appellant was "not entitled to arbitration."[6]

First, instead of seeking arbitration from the outset, appellant filed a complaint in July 2014—in which he failed to mention the contractual arbitration clause—and demanded a jury trial.[7]  Several months later, the parties stipulated to

---

[5]    There is no dispute that the parties have a valid contractual arbitration agreement.

[6]    The fourth and fifth factors are not pertinent here.

[7]    Appellant claims to have sent a letter to respondent in March 2014 demanding arbitration.  Both respondent and its counsel, who has represented it during and before this litigation, deny ever receiving the letter before April 2015.
    Even if respondent had received appellant's March 2014 letter, it would be of no effect.  The mere announcement of the right to compel arbitration is insufficient.  To properly invoke the right to arbitration, a party must take

have the matter submitted to binding arbitration. However, in October 2014, the court rejected their stipulation which imposed improper conditions, and suggested alternative language. After that, however, appellant refused to cooperate with respondent's counsel's efforts to reach consensus on a revised stipulation. Nor did appellant make an effort to file a formal petition on his own to compel arbitration until April 2015.[8] There is ample evidence to support the court's conclusion that appellant's conduct was inconsistent with a willingness to arbitrate.

The court also found that appellant waited an unreasonable amount of time to file his Petition or to attempt to stay the litigation he began. As a result, the court observed his Petition was not heard until: "five weeks before the scheduled trial date," even though the "proceeding has been pending for ten months. There have been four court appearances, discovery motion practice, hundreds of pages of

---

affirmative steps to implement the process, and engage in conduct consistent with an intent to arbitrate the dispute. (*Sobremonte v. Superior Court* (1998) 61 Cal.App.4th 980, 997-998 (*Sobremonte*).) A party must engage in both actions in order to secure the benefits of arbitration. (*Ibid*.) Appellant engaged in neither. There is no question that, other than the failed joint stipulation in September 2014, appellant made no formal attempt to invoke the arbitration procedure before the trial court until April 2015.

[8]    In addition, appellant failed to acknowledge he had an obligation to arbitrate this matter in the case management statement he filed in early December 2014. He did note that he planned at some unspecified time to file a "petition for arbitration," but also inconsistently announced his intention to conduct extensive written and oral discovery over the next six months. Such conduct has been found inconsistent with the assertion of a right to arbitrate. (See *Adolph, supra,* 184 Cal.App.4th at p. 1451 [six months of delay, efforts to conduct discovery, and failure to assert intent to arbitrate in case management statement support trial court's finding that defendant's conduct was inconsistent with an intent to arbitrate].)

documents have been produced, fees have been paid to appear and answer. Both parties have spent a good deal of time and expense to [*sic*] the litigation process."

The court found that appellant's unreasonable delay in formally requesting that the matter be sent to arbitration had affected, misled, and prejudiced respondent. This was particularly so given that appellant's recalcitrance and refusal to cooperate with respondent's counsel's effort to move the matter toward arbitration forced respondent to "substantially invoke" the "litigation machinery." Appellant's conduct caused respondent significant expense and inconvenience in that respondent was obligated, over the course of 10 months, to participate in litigation and pay its counsel to perform arguably unnecessary legal services, such as filing an answer and counter-claim, preparing for and attending numerous court appearances, drafting discovery and, later, motions to compel, some of which may not have been permitted or could have been streamlined in an arbitration forum, and preparing for a trial set to begin in just over a month.

The trial court found that appellant's unreasonable delay in filing the Petition was inconsistent with an assertion of a right to arbitrate. It is axiomatic that a petition to compel arbitration "should be brought within a reasonable time." (*Zamora v. Lehman* (2010) 186 Cal.App.4th 1, 17.) Substantial evidence supports the conclusion that appellant's unwarranted delay in formally seeking arbitration was so lengthy it deprived respondent of a primary benefit of contractual arbitration.

Clearly, a fundamental attribute of contractual arbitration is its efficient, streamlined process. As a result of the 10-month delay, respondent incurred significant expense and was forced to propound extensive discovery for which it received meaningless (initial) responses, and thus was forced to incur additional expense engaging in a discovery battle to compel meaningful responses to its

11

legitimate discovery, a battle which did not end until shortly before trial was set to begin. The California Supreme Court has held that an "unjustified delay, combined with substantial expenditure of time and money, deprive[s] the parties of the benefits of arbitration and [is] sufficiently prejudicial to support a finding of waiver to arbitrate." (*lskanian, supra*, 59 Cal.4th at p. 377.) In *Lewis, supra,* 205 Cal.App.4th 436, the court found unreasonable delay, conduct inconsistent with an intent to arbitrate and prejudice to the opposing party where a party let four months elapse between the time the suit was initiated and its first attempt to invoke arbitration, during which time the party belatedly seeking to enforce arbitration had engaged in litigation on the merits by virtue of demurrers and motions to strike and had participated in discovery without raising its right to arbitrate. (*Id*. at pp. 446, 452.) A number of courts have found periods of delay equivalent to or shorter than the one involved here sufficient to waive arbitration, when combined with damaging facts and prejudice. (See, e.g., *Hoover v. American Income Life Ins. Co*. (2012) 206 Cal.App.4th 1193, 1205 [waiver after "almost a full year," and defendant's two failed efforts to remove the case to federal court and recalcitrant discovery responses suggest a policy aimed at delay rather than seeking a prompt, expeditious resolution through arbitration]; *Sobremonte, supra*, 61 Cal.App.4th at p. 996 [10 months]; *Augusta, supra,* 192 Cal.App.4th at p. 338 [six and one-half months]; *Adolph, supra*, 184 Cal.App.4th at pp. 1451–1452 [six months]; *Roberts v. El Cajon Motors, Inc.* (2011) 200 Cal.App.4th 832, 844, fn. 8 [five or seven months, depending on manner of calculation]; *Guess?, Inc. v. Superior Court* (2000) 79 Cal.App.4th 553, 558 (*Guess?*) [four-month delay].)

The final *St. Agnes* factor—whether appellant's conduct and delay """"affected, misled, or prejudiced"""" respondent—is significant. Prejudice is typically found where "the petitioning party's conduct has substantially

12

undermined [the] important public policy [in favor of arbitration as a speedy and relatively inexpensive means of dispute resolution] or substantially impaired the other side's ability to take advantage of the benefits and efficiencies of arbitration." (*St. Agnes, supra,* 31 Cal.4th at p. 1204; see *Burton, supra*, 190 Cal.App.4th at pp. 948 ["a petitioning party's conduct in stretching out the litigation process itself may cause prejudice by depriving the other party of the advantages of arbitration as an 'expedient, efficient and cost-effective method to resolve disputes.'"].)

Appellant delayed seeking arbitration for almost a year, all the while engaging in hot and cold tactics asserting an intention and desire to arbitrate while simultaneously litigating in court, and delaying and frustrating respondent's ability to use arbitration as a speedy, inexpensive means to resolve this dispute. This was true even as to discovery appellant essentially forced respondent to propound. "It is the manner in which [appellant ] responded that matters, and it was [appellant's] response that was inconsistent with [his] present claim of a right to arbitrate." (*Guess?, supra*, 79 Cal.App.4th at p. 558.) At the same time he resisted moving this case into an arbitration forum, appellant asserted the parties' obligation to arbitrate in order to justify objecting to discovery respondent needed in order to prepare for the trial to which appellant had agreed. Appellant's gamesmanship forced respondent to file motions to compel in order to obtain meaningful responses to discovery it may not even have needed had the parties arbitrated this dispute as agreed. The record contains ample evidence to support the trial court's conclusion that appellant engaged in conduct inconsistent with an intent to arbitrate, and caused prejudicial delay and expense that deprived respondent of the advantages of arbitration.

**DISPOSITION**

The judgment is affirmed. Respondents Bunneang and Sophany Khem, individually and as trustees of respondent The Khem Family Trust are awarded costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


WILLHITE, J.


We concur:



EPSTEIN, P. J.



MANELLA, J.

14